

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-23,698-02 & -03

**EX PARTE JAMES DALE WELD, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W17-56055-P(A) & W16-76598-P(A)
### IN THE 203RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of burglary of a habitation and sentenced to twenty years' imprisonment in each count, to be served concurrently. He did not appeal his convictions.

Applicant contends that his plea was involuntary because counsel assured Applicant that if he pled open to the trial court, he would receive no more than five years' imprisonment. Applicant also contends that his trial counsel rendered ineffective assistance because counsel failed to request an examining trial, failed to challenge his confession as involuntary, failed to file a motion for

discovery, failed to investigate the charges, advised Applicant to plead guilty when she knew Applicant was innocent, and erred in telling Applicant that the State's final offer was twenty-five years when, in fact, the State's final offer was twenty years.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of involuntary plea and ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that plea was involuntary. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: October 24, 2018
Do not publish